# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

FILED
JAN 22 2014
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) 2:13-CR-323-LSC-HGD |
| | ) |
| DAVID WILSON | ) |
| | ) |

## PLEA AGREEMENT

The Government and defendant David Wilson hereby acknowledge the following plea agreement in this case:

### PLEA

The defendant agrees to plead guilty to **Counts One, Two**, and **Three** of the indictment filed in the above numbered and captioned matter. In exchange, the United States Attorney, acting on behalf of the Government and through the undersigned Assistant United States Attorney, agrees to recommend the disposition specified below, subject to the conditions in paragraphs **VII** and **VIII**.

### TERMS OF THE AGREEMENT

**I. MAXIMUM PUNISHMENT**

The defendant understands that the maximum statutory punishment that

Defendant's Initials _hv_

may be imposed for the crime of distribution of a mixture and substance containing a detectable amount of heroin, a controlled substance, in violation of Title 21, United States Code, Sections 841(a) and (b)(1)(C), as charged in COUNTS ONE, TWO, and THREE, for each count, is:

    a.    Imprisonment for not more than 20 years;

    b.    A fine of not more than $1,000,000, or

    c.    Both (a and b);

    d.    Supervised release of not less than 3 years; and

    e.    Special Assessment Fee of $100.

## II. **FACTUAL BASIS FOR PLEA**

The Government is prepared to prove, at a minimum, the following facts at the trial of this case:

An undercover detective ("U/C") with the Birmingham Police Department made three separate buys of heroin from the defendant. On May 22, 2013, the U/C made a recorded telephone call to the defendant, David Wilson, also known as "Dog," at 205-213-6904, and arranged to purchase $100 of heroin from him. They agreed to meet at the 2500 block of 7th Avenue, North, Birmingham, AL. The U/C went to that location and waited for the defendant to arrive. The defendant

Defendant's Initials P⌒⌒

drove up, an unknown black male exited the vehicle that the defendant was driving and brought the heroin to the U/C. The U/C handed the man $100, and everyone left the area. Laboratory analysis reveals that this was .37 grams of heroin.

A similar deal for $100 of heroin occurred on May 28, 2013. The U/C spoke to the defendant using the same telephone number, and the defendant told the U/C to go to the same place as before to do the deal. After the U/C arrived at that location, the defendant asked him to move the meeting location to the Shell gas station at 5017 Richard Arrington, Jr. Blvd., Birmingham, AL. The U/C went to that gas station and saw the defendant parked at a gas pump. The U/C walked up to the driver's side window and purchased $100 of heroin from the defendant. The U/C noticed a small child in the back of the defendant's vehicle when this deal occurred. Laboratory analysis reveals that this was .56 grams of heroin.

A similar deal for $100 of heroin occurred on June 5, 2013. The U/C spoke to the defendant using the same telephone number, and the defendant told the U/C to go to the Western Supermarket on Highland Avenue, Birmingham, AL, to do the deal. After the U/C arrived at that location, the defendant told him to go across the street to the Shell gas station to do the deal. The U/C complied and made a hand-to-hand transaction with the defendant of $100 of heroin at the gas station. Laboratory analysis reveals that this was .25 grams of heroin.

Defendant's Initials _____

The defendant hereby stipulates that the facts stated above are substantially correct and that the Court can use these facts in calculating the defendant's sentence. The defendant further acknowledges that these facts do not constitute all of the evidence of each and every act that the defendant and/or any co-conspirators may have committed.

_____
David Wilson

## III.  RECOMMENDED SENTENCE

Subject to the limitations in paragraph **VIII** regarding subsequent conduct and pursuant to Rule 11(c)(1)(B), Fed.R.Crim.P., the government, will recommend the following disposition:

(a) That the defendant be awarded an appropriate reduction in offense level for acceptance of responsibility;

(b) That the defendant be remanded to the custody of the Bureau of Prisons and incarcerated for a term consistent with the low end of the advisory United States Sentencing Guideline range as that is determined by the court on the date that the sentence is pronounced;

(c) That following the said term of imprisonment, the defendant be

Defendant's Initials _____

placed on supervised release for a period to be determined by the court, subject to the standard conditions of supervised release as set forth in U.S.S.G. § 5D1.3;

(d) That the defendant be required to pay a fine in accordance with the sentencing guidelines, said amount due and owing as of the date sentence is pronounced, with any outstanding balance to be paid in full by the expiration of the term of supervised release;

(e) That the defendant be required to pay restitution if any exists; and

(f) That the defendant pay a special assessment fee of $300, said amount due and owing as of the date sentence is pronounced.

## IV. WAIVER OF RIGHT TO APPEAL AND POST-CONVICTION RELIEF

**In consideration of the recommended disposition of this case, I, David Wilson, hereby waive and give up my right to appeal my conviction and/or sentence in this case, as well as any fines, restitution, and forfeiture orders, the court might impose. Further, I waive and give up the right to challenge my conviction and/or sentence, any fines, restitution, forfeiture orders imposed or the manner in which my conviction and/or sentence, any fines, restitution,**

Defendant's Initials _____

and forfeiture orders were determined in any post-conviction proceeding, including, but not limited to, a motion brought under 28 U.S.C. § 2255.

The defendant reserves the right to contest in an appeal or post-conviction proceeding of the following:

    (a)    Any sentence imposed in excess of the applicable statutory maximum sentence(s);

    (b)    Any sentence imposed in excess of the guideline sentencing range determined by the court at the time sentence is imposed; and

    (c)    Ineffective assistance of counsel.

The defendant acknowledges that before giving up these rights, the defendant discussed the Federal Sentencing Guidelines and their application to the defendant's case with the defendant's attorney, who explained them to the defendant's satisfaction. The defendant further acknowledges and understands that the government retains its right to appeal where authorized by statute.

**I, David Wilson, hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs, and that I am knowingly and voluntarily entering into this waiver.**

_____
David Wilson

## V. UNITED STATES SENTENCING GUIDELINES

Defendant's counsel has explained to the defendant, that in light of the United States Supreme Court's decision in United States v. Booker, the federal sentencing guidelines are **advisory** in nature. Sentencing is in the court's discretion and is no longer required to be within the guideline range. The defendant agrees that, pursuant to this agreement, the court may use facts it finds by a preponderance of the evidence to reach an advisory guideline range, and defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.

## VI. AGREEMENT NOT BINDING ON COURT

The defendant fully and completely understands and agrees that it is the Court's duty to impose sentence upon the defendant and that any sentence

Defendant's Initials _____

recommended by the government is **NOT BINDING UPON THE COURT,** and that the Court is not required to accept the government's recommendation. Further, the defendant understands that if the Court does not accept the government's recommendation, the defendant does not have the right to withdraw the guilty plea.

## VII. VOIDING OF AGREEMENT

The defendant understands that should the defendant move the Court to accept the defendant's plea of guilty in accordance with, or pursuant to, the provisions of North Carolina v. Alford, 400 U.S. 25 (1970), or tender a plea of *nolo contendere* to the charges, this agreement will become NULL and VOID. In that event, the Government will not be bound by any of the terms, conditions, or recommendations, express or implied, which are contained herein.

## VIII. SUBSEQUENT CONDUCT

**The defendant understands that should the defendant violate any condition of pretrial release or violate any federal, state, or local law, or should the defendant say or do something that is inconsistent with acceptance of responsibility, the United States will no longer be bound by its obligation to make the recommendations set forth in paragraphs IV and V of the**

Defendant's Initials /\_\_\_

Agreement, but instead, **may make any recommendation deemed appropriate by the United States Attorney in her sole discretion.**

## IX. OTHER DISTRICTS AND JURISDICTIONS

The defendant understands and agrees that this agreement **DOES NOT BIND** any other United States Attorney in any other district, or any other state or local authority.

## X. COLLECTION OF FINANCIAL OBLIGATION

In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the defendant agrees to fully disclose all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party. The defendant also will promptly submit a completed financial statement to the United States Attorney's Office, in a form that it provides and as it directs. The defendant also agrees that the defendant's financial statement and disclosures will be complete, accurate, and truthful. Finally, the defendant expressly authorizes the United States Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by

Defendant's Initials _P___

the Court.

## XI. AGREEMENT REGARDING RELEVANT CONDUCT AND RESTITUTION

As part of the defendant's plea agreement, the defendant admits to the above facts associated with the charges and relevant conduct for any other acts. The defendant understands and agrees that the relevant conduct contained in the factual basis will be used by the Court to determine the defendant's range of punishment under the advisory sentencing guidelines. The defendant admits that all of the crimes listed in the factual basis are part of the same acts, scheme, and course of conduct. This agreement is not meant, however, to prohibit the United States Probation Office or the Court from considering any other acts and factors which may constitute or relate to relevant conduct. Additionally, if this agreement contains any provisions providing for the dismissal of any counts, the defendant agrees to pay any appropriate restitution to each of the separate and proximate victims related to those counts should there be any.

## XII. TAX, FORFEITURE AND OTHER CIVIL/ADMINISTRATIVE PROCEEDINGS

Unless otherwise specified herein, the defendant understands and acknowledges that this agreement does not apply to or in any way limit any

Defendant's Initials ____

pending or prospective proceedings related to defendant's **tax liabilities**, if any, or to any pending or prospective **forfeiture** or other **civil** or **administrative** proceedings.

Defendant recognizes that pleading guilty may have consequences with respect to immigration status if is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including attorney or the district court, can predict to a certainty the effect of conviction on immigration status. Defendant nevertheless affirms that wants to plead guilty regardless of any immigration consequences that plea may entail, even if the consequence is automatic removal from the United States.

## XIII. DEFENDANT'S UNDERSTANDING

I have read and understand the provisions of this agreement consisting of thirteen (13) pages. I have discussed the case and my constitutional and other rights with my lawyer. I am satisfied with my lawyer's representation in this case. I understand that by pleading guilty, I will be waiving and giving up my right to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that

Defendant's Initials *P*

trial, to confront, cross-examine, or compel the attendance of witnesses, to present evidence in my behalf, to maintain my privilege against self-incrimination, and to the presumption of innocence. I agree to enter my plea as indicated above on the terms and conditions set forth herein.

**NO OTHER PROMISES OR REPRESENTATIONS HAVE BEEN MADE TO ME BY THE PROSECUTOR, OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED TO INDUCE ME TO PLEAD GUILTY.**

I further state that I have ~~not~~ had any drugs, medication, or alcohol within the past 48 hours except as stated here: (See Attached)

I understand that this Plea Agreement will take effect and will be binding as to the Parties **only** after all necessary signatures have been affixed hereto.

I have personally and voluntarily placed my initials on every page of this Agreement and have signed the signature line below to indicate that I have read, understand, and approve all of the provisions of this Agreement, both individually and as a total binding agreement.

_1/22/14_
DATE

_R____ _____
David Wilson
Defendant

Defendant's Initials _R___

## XIV. COUNSEL'S ACKNOWLEDGMENT

I have discussed this case with my client in detail and have advised my client of all of my client's rights and all possible defenses. My client has conveyed to me that my client understands this Agreement and consents to all its terms. I believe the plea and disposition set forth herein are appropriate under the facts of this case and are in accord with my best judgment. I concur in the entry of the plea on the terms and conditions set forth herein.

_1/22/14_
DATE

_Jason Neff_
Defendant's Counsel

## XV. GOVERNMENT'S ACKNOWLEDGMENT

I have reviewed this matter and this Agreement and concur that the plea and disposition set forth herein are appropriate and are in the interests of justice.

JOYCE WHITE VANCE
United States Attorney

_1/22/14_
DATE

_L. James Weil, Jr._
Assistant United States Attorney

Defendant's Initials _R_